■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHN DEE, JR., Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 6, 1973, convicting him of burglary in the first degree, assault in the second degree, sexual abuse in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered, with the further direction that the trial court hold a preliminary hearing to determine the circumstances surrounding the disappearance of certain exhibits. The crimes in question were allegedly committed in the early morning hours of March 4, 1972. The owner of the burglarized premises, Warren Geier, attempted to apprehend the intruder, who escaped after a struggle. The police search of the premises uncovered several items allegedly left behind by the intruder, viz., a ski hat containing several human hairs, two buttons and a piece of cloth material. The police also took into possession an old-fashioned pressing iron which, according to Geier's testimony, was used in his attempt to subdue the intruder. Twice during the trial, in the presence of the jury, defense counsel called upon the prosecutor to produce these items. The prosecutor replied that they were in the possession of the police and could, if the defense desired, be subpoenaed. Defense counsel thereupon served a subpoena duces tecum upon the Police Department only to learn that the items had been destroyed. The court refused to permit the fact of or circumstances surrounding the destruction to be brought to the jury's attention. The entire handling of this matter constituted prejudicial error. First, the prosecutor should have made these items available, if they were in existence, upon request, without requiring

the defense to obtain a subpoena. Upon refusal, the trial court should have ordered that they be made available. Here, the record shows the prosecutor *knew* the items were not in existence when requested by the defense and for him to indicate that they could be subpoenaed (thereby implying they *were* in existence) was deplorable. This was compounded by the court's refusal to allow the defense to advise the jury about the fact of destruction. The circumstances surrounding the disappearance or destruction of the items should be fully explored at a hearing prior to the trial directed herein (see Richardson, Evidence [10th ed.], § 91, and cases there cited). Additional error was committed when defense counsel attempted to offer into evidence several shirts and a pair of shoes taken by the police from defendant's home. Upon the accompanying *voir dire*, the prosecutor elicited from the detective who had seized these items that they had been taken in an attempt to connect defendant with an unrelated burglary committed in the same locale. This was highly prejudicial and was the result of the prosecutor's failure to inform defense counsel that the shirts and shoes were not in any way related to the instant charge. We also note that under the facts in this record Geier's identification of defendant from a series of 10 to 12 photographs was improper, although we agree that there was sufficient independent basis for his in-court identification. The totality of errors committed entitles defendant to a new trial. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Munder, JJ., concur.